JOHN W. HUBER, United States Attorney (No. 7726)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: mark.hirata@usdoj.gov



FILED
U.S. DISTRICT COURT
2016 DEC 21  D 1:51
DISTRICT OF UTAH
SEALED
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | |
| | | INDICTMENT |
| v. | : | |
| | | Vio. 18 U.S.C. § 1347 (Health Care |
| DUSTIN JOSEPH LONG, | : | Fraud) |
| | | Counts 1 – 6 |
| Defendant. | : | |
| | | Vio. 18 U.S.C. § 1343 (Wire Fraud) |
| | : | Counts 7 – 12 |

Case: 2:16-cr-00666
Assigned To : Waddoups, Clark
Assign. Date : 12/21/2016
Description: USA v.

The Grand Jury charges:

At all times relevant to this Indictment:

### BACKGROUND

1.  Defendant DUSTIN JOSEPH LONG ("defendant LONG") was a resident of Utah County, Utah, and resided at 1370 Sageberry Drive, Santaquin, Utah 84655.

2.  ARCADIA RECOVERY CENTER ("ARC"), was a drug and alcohol

outpatient treatment center located at 806 South 1040 West, Payson, Utah 84065. ARC was co-owned and operated by defendant LONG.

3. ARCADIA RESIDENTIAL TREATMENT CENTER ("ARTC"), was a drug and alcohol intensive outpatient treatment center located at 2435 West Spencer Crest Drive, Bluffdale, Utah 84065. ARTC was co-owned and operated by defendant LONG. At times in this Indictment, ARC and ARTC shall be referred to collectively as "ARCADIA."

4. HUMANA was a for-profit health insurance company based in Louisville, Kentucky, with insureds located throughout the United States, including Utah. Some ARCADIA clients were insured by HUMANA, which provided coverage for drug and alcohol therapy and treatment services. ARCADIA and several of its employees were HUMANA-approved health care providers. HUMANA was a "health care benefit program," as that term is defined under 18 U.S.C. § 24(b).

5. CLOUDMEDBILLING, L.L.C. ("CMB"), was a Salt Lake City-based company specializing in providing medical insurance billing services to, among other health care providers, drug and alcohol treatment centers. CMB was co-owned by defendant LONG and K.M.. CMB provided billing services for ARCADIA which included, among other things, the preparation and submission of insurance claims to HUMANA for reimbursement of drug and alcohol therapy and treatment services.

6. BESTNOTES was a web-based records keeping system for drug and

2

alcohol treatment facilities based in Twin Falls, Idaho. ARCADIA therapists, counselors, and other authorized employees accessed and utilized the BESTNOTES records-keeping system to, among other things, accurately document and track drug and alcohol therapy and treatment services provided to ARCADIA clients until they were discharged.

## THE SCHEME AND ARTIFICE TO DEFRAUD

7. From around January 2015 to around October 2015, in the Central Division of the District of Utah,

**DUSTIN JOSEPH LONG,**

defendant herein, devised a scheme and artifice to defraud and to obtain money from HUMANA by means of false and fraudulent pretenses, representations, and omissions of material fact, and attempted to do so. In execution of that scheme, defendant LONG caused to be submitted from ARCADIA to HUMANA false and fraudulent insurance claims for drug and alcohol therapy and treatment services not rendered, resulting in payments from HUMANA to ARCADIA under false and fraudulent pretenses. As further alleged below, claims submissions from ARCADIA to HUMANA involved interstate wire transmissions.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The scheme and artifice to defraud was executed in the following manner and through the following means.

8. It was part of the scheme and artifice to defraud that defendant LONG had exclusive control over the substance of ARCADIA claims submissions to HUMANA prepared and submitted by CMB, including the following information:

- Client name;
- Level of care (e.g., general outpatient, intensive outpatient, group counseling, and drug screening and lab analysis); and
- Dates of service.

9. It was also part of the scheme and artifice to defraud that defendant LONG emailed CMB employees weekly "rosters" reflecting drug and alcohol therapy treatment services allegedly provided to HUMANA-insured ARCADIA clients on specific dates. Acting at defendant LONG's direction and control, CMB employees prepared and submitted claims to HUMANA based on the foregoing rosters. Defendant LONG had exclusive control over all information reflected in weekly rosters emailed to CMB employees.

10. It was also part of the scheme and artifice to defraud that despite numerous, repeated requests, defendant LONG denied CMB employees access to BESTNOTES, the most accurate source of ARCADIA client information available, to prepare claims and to verify the accuracy of rosters provided by defendant LONG. Significantly, other drug and alcohol treatment centers routinely provided CMB employees access to BESTNOTES to ensure accurate insurance claims seeking payment for drug and alcohol treatment services.

11. In late July 2015, CMB discovered that defendant LONG's rosters falsely

4

identified continued drug and alcohol therapy and treatment services well past ARCADIA clients' discharge dates. Despite CMB notifying defendant LONG about these billing discrepancies and the need to take remedial action, defendant LONG failed to correct any billing errors, failed to refund money to HUMANA, and continued to submit false and fraudulent rosters to CMB for claims processing up to and including October 2015.

12. From around January 2015 to around October 2015, defendant LONG caused to be submitted over 900 false and fraudulent claims to HUMANA involving approximately 14 clients, resulting in total payments from HUMANA to ARCADIA exceeding $700,000 under false and fraudulent pretenses.

## Counts 1 through 6
## 18 U.S.C. § 1347
## (Health Care Fraud)

13. By this reference, the Grand Jury incorporates the allegations in paragraphs 1 through 12 above as if fully alleged herein.

14. On or about the dates alleged below, in furtherance and execution of the above scheme and artifice to defraud, defendant LONG caused the following false and fraudulent claim submissions, among others, from ARCADIA to HUMANA:

| Count | Date of Claim Submission (Client) | Client Discharge Date | Claim Number | Description of Services Not Provided |
|---|---|---|---|---|
| 1 | 05/29/2015 (Client 1) | 02/27/2015 | 201506086069846 | Intensive Outpatient Counseling |

| | | | | |
|---|---|---|---|---|
| 2 | 06/29/2015 (Client 2) | 03/20/2015 | 201507086327834 | Drug Screening / Lab Analysis |
| 3 | 07/10/2015 (Client 3) | 06/08/2015 | 201508056301684 | Intensive Outpatient Counseling |
| 4 | 08/31/2015 (Client 4) | 06/29/2015 | 201509026724941 | Group Counseling |
| 5 | 09/30/2015 (Client 5) | 06/29/2015 | 201510066739315 | Drug Screening / Lab Analysis |
| 6 | 09/15/2015 (Client 6) | 07/27/2015 | 201510066686171 | Intensive Outpatient Counseling |

All in violation of 18 U.S.C. §§ 1347 and 2(b).

## Counts 7 through 12
## 18 U.S.C. § 1343
## (Wire Fraud)

15.     By this reference, the Grand Jury incorporates the allegations in paragraphs 1 through 12 above as if fully alleged herein.

16.     Each claim submission alleged in paragraph 18 below involved an interstate wire transmission between Utah and Louisville, Kentucky.

17.     On or about the dates alleged below, in furtherance and execution of the above scheme and artifice to defraud, defendant LONG caused the following interstate wire transmissions, among others:

| Count | Date of Claim Submission (Client) | Client Discharge Date | Claim Number | Description of Services Not Provided |
|---|---|---|---|---|
| 7 | 05/29/2015 (Client 1) | 02/27/2015 | 201506086069846 | Intensive Outpatient Counseling |
| 8 | 06/29/2015 (Client 2) | 03/20/2015 | 201507086327834 | Drug Screening / Lab Analysis |

6

| 9 | 07/10/2015 (Client 3) | 06/08/2015 | 201508056301684 | Intensive Outpatient |
| 10 | 08/31/2015 (Client 4) | 06/29/2015 | 201509026724941 | Group Counseling |
| 11 | 09/30/2015 (Client 5) | 06/29/2015 | 201510066739315 | Drug Screening / Lab Analysis |
| 12 | 09/15/2015 (Client 6) | 07/27/2015 | 201510066686171 | Intensive Outpatient Counseling |

All in violation of 18 U.S.C. §§ 1343 and 2(b).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 982(a)(7)
## (Criminal Forfeiture)

18.  Pursuant to 18 U.S.C. § 982(a)(7), upon conviction of any offense in violation of 18 U.S.C. §§ 1347 (Health Care Fraud) and 1343 (Wire Fraud), as set forth in this Indictment, the defendant shall forfeit to the United States of America all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme to defraud.  The property to be forfeited includes, but is not limited to, the following:

A money judgment equal to the value of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme to defraud.

19.  <u>Substitute Assets:</u> If the property described above as being subject to forfeiture, as a result of any act or omission of defendant LONG:

7

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461, to seek to forfeit any other property of defendant LONG up to the value of the forfeitable property described above.

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY

APPROVED:

JOHN W. HUBER
United States Attorney

_____
MARK Y. HIRATA
Assistant United States Attorney